IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-CR-22-KAC-DCP |
| | ) | |
| JESSE W. FOYE and | ) | |
| ASHLEY L. GRIGSBY | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Foye's Motion to Continue Trial Date and Deadlines [Doc. 14], filed on April 20, 2022. In his motion, Defendant Foye asks the Court to continue the May 24, 2022 trial and all relevant deadlines. The parties appeared before the undersigned on May 10, 2022, for a hearing on Defendant Foye's motion and for Defendant Grigsby's initial appearance and arraignment in this matter [Doc. 17]. Assistant United States Attorney Brent N. Jones appeared on behalf of the Government. Attorney Gerald Gulley appeared on behalf of Defendant Foye, who was present. Attorney Stephen McGrath appeared on behalf of Defendant Grigsby, who was also present.

In his motion [Doc. 14], Defendant Foye states that his counsel needs additional time to investigate the underlying facts of this matter and potentially obtain an expert witness who can testify about the proximate causation issues related to the death that was allegedly a result of the conspiracy charged in Count One of the Indictment [Doc. 3]. In addition, Defendant Foye's counsel relates he has had limited opportunity to meet with Defendant Foye and discuss the

Government's discovery with him. The motion relates that the Government does not oppose the requested continuance.

At the hearing, Defendant Foye relied on his motion, and stated through counsel that he had recently been moved to Laurel County, Kentucky, making communication with his counsel more difficult. Defendant Grigsby, who had an initial appearance and arraignment immediately before the motion hearing, orally moved through counsel to join in Defendant Foye's motion. The Government confirmed at the hearing that it does not oppose the requested continuance. The parties agreed on a new trial date of December 13, 2022.

The Court finds Defendant Foye's Motion to Continue Trial Date and Deadlines [Doc. 14] is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interests of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, counsel for Defendant Foye needs additional time to investigate the factual circumstances of this matter and possibly retain an expert witness regarding the death enhancement in Count One that Defendant Foye faces. In addition, Defendant Foye's counsel needs more time to discuss the case and the Government's discovery with him. The Court also finds that Defendant Grigsby has just entered the case and needs time to receive and review discovery and to otherwise prepare for trial. These trial preparations cannot be concluded by the May 24, 2022 trial date. The Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Foye's Motion to Continue Trial Date and Deadlines [**Doc. 14**] is **GRANTED**. The trial of this case is reset to **December 13, 2022**. The Court finds that all the time between the filing of the motion on April 20, 2022, and the new trial date of December 13, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. §

3161(h)(1)(D) & -(7)(A)–(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) Defendant Foye's Motion to Continue Trial Date and Deadlines [**Doc. 14**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **December 13, 2022**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **April 20, 2022**, and the new trial date of **December 13, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is **June 13, 2022,** and responses will be due **June 27, 2022**. **Any necessary hearing on pretrial motions** will be set at a later date;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 14, 2022**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **November 22, 2022, at 10:30 a.m.**;

(7) The deadline for filing motions *in limine* is **November 28, 2022**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **December 2, 2022.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge